## WISE *v.* GRAND AVENUE RY. CO.

*(Circuit Court, W. D. Missouri, W. D. January 5, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.

    It is not necessary for a patentee to establish the validity of his patent at law before he can obtain equitable relief for its infringement; but the chancellor may in his discretion require an action at law to be brought and tried, before awarding an injunction, if he doubts the validity of the patent.

2. SAME—SUIT FOR INFRINGEMENT—LAW AND EQUITY.

    A patentee may sue either at law or in equity for an infringement of his patent, according to the nature of the relief demanded.

3. SAME—SUIT FOR INFRINGEMENT—CERTAINTY IN PLEADING.

    A bill to enjoin an alleged infringement of a patent described therein merely as an "Improvement in Cable Railways" is demurrable, as not showing with sufficient certainty in what the alleged invention consists.

In Equity. On demurrer to bill.

*R. H. Manning,* for complainant.

*D. B. Holmes,* for defendant.

THAYER, J. In this case the objections taken to the complaint are threefold and as follows: *First,* that the complaint does not contain any matter of equitable cognizance; *second,* that the complaint does not show in what the alleged invention of the complainant consists; and, *third,* that the bill does not show that the validity of the alleged patent has as yet been established at law.

The first and third objections to the bill are untenable. The complainant seeks an injunction to restrain an alleged infringement of letters patent, and, as an incident of such relief, he also prays for a discovery and an account of the profits realized by the defendant by the use of the

invention. This is a matter that falls within the equitable jurisdiction of the court. It is now settled that a patentee may sue either at law or in equity, according as the relief demanded is of a legal or equitable nature. If damages for an alleged infringement are sought, an action at law is the appropriate action; and if the patent has expired at the time suit is brought, so that an injunction cannot be awarded, it is ordinarily the exclusive remedy. But if the patent has not expired, and the patentee wishes to restrain acts of infringement, he may sue in equity for an injunction, and, as an incident to that form of relief, the court has power to decree an accounting as to profits realized by the defendant. A patentee is not compelled to sue at law and establish the validity of his patent in that forum as a *condition precedent* to obtaining equitable relief, although the chancellor may in his discretion require a suit at law to be brought and tried, before awarding an injunction, if he doubts the validity of the patent. But, as a matter of practice, courts of equity rarely, if ever, require a suit at law to be brought to establish the validity of a patent, preferring usually to hear and determine for themselves all questions that may arise affecting the validity of the same. These questions have all been so well settled that a reference to the authorities is all that is deemed necessary on these points of the demurrer. *Root* v. *Railway Co.*, 105 U. S. 189; *Cochrane* v. *Deener*, 94 U. S. 780; *Goodyear* v. *Day*, 2 Wall. Jr. 296; *Sickles* v. *Gloucester Co.*, 3 Wall. Jr. 186.

The second objection to the bill, in my opinion, is well founded; that is to say, the bill of complaint does not show with any certainty in what the alleged invention consists. It merely avers that plaintiff is the inventor of a new and useful device described in the specifications of letters patent of the United States No. 357,162, and therein named an "Improvement in Cable Railways;" that said letters were duly granted to complainant on February 1, 1887, and were signed and countersigned, respectively, by the secretary of the interior and commissioner of patents. After reading the bill, the court has no information respecting the invention further than is contained in the statement that it is called an "Improvement in Cable Railways," and that letters patent have been issued for the same. Neither the patent nor the specifications annexed thereto have been made exhibits to the bill, according to the usual practice in such cases. The result is that an expert machinist might make a careful examination of all the machinery and mechanical contrivances employed by the defendant, and, after such examination, he would be unable to determine or even guess, from the description of the complainant's invention contained in this bill, whether any such invention as is described is in use by the defendant. The complaint does not even show to what part of the machinery usually employed by a cable railroad the invention here in question appertains.

Without further comment it will suffice to say that the bill is clearly defective in the respect herein indicated, and the demurrer will be sustained for that reason.